1  McGREGOR W. SCOTT
   United States Attorney
2  JESSICA A. MASSEY
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:  (559) 497-4000
   Facsimile:   (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            CASE NO.  1:21-CR-00027-NONE-SKO

12                  Plaintiff,           STIPULATION REGARDING EXCLUDABLE
                                         TIME PERIODS UNDER THE SPEEDY TRIAL
13          v.                           ACT;  FINDINGS AND ORDER

14  LUIS NOE HERNANDEZ ROJO
                                         DATE: February 18, 2021
15                  Defendant.           TIME: 2:00 p.m.
                                         COURT: Duty Magistrate
16

17

18        A complaint and arrest warrant issued against the Defendant LUIS NOE HERNANDEZ ROJO

19  ("defendant") on November 22, 2020.  Defendant was arrested on the warrant in the Southern District of

20  California and appeared for a removal/identity hearing in the SDCA on January 19, 2021.  Defendant

21  was released on bond and was ordered to appear for preliminary hearing in this district on February 18,

22  2021.  The government is currently processing initial discovery for the defendant.  Defense counsel,

23  Jerome Kaplan, and the government now seek to continue the preliminary hearing.  By way of the below

24  stipulation, the parties request the court continue this matter to March 30, 2021, and exclude time from

25  February 18, 2021, to March 30, 2021.

26                                  **STIPULATION**

27        This case is set for preliminary hearing on February 18, 2021.  On May 13, 2020, this Court

28  issued General Order 618, which suspends all jury trials in the Eastern District of California until further

    notice, and allows district judges to continue all criminal matters.  This and previous General Orders

                                              1

were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

1 justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

2 for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

3 pretrial continuance must be "specifically limited in time").

**STIPULATION**

5    Plaintiff United States of America, by and through its counsel of record, and the defendant, by

6 and through his counsel of record Mr. Kaplan, hereby stipulate as follows:

7    1.    This matter is currently set for preliminary hearing on February 18, 2021.

8    2.    By this stipulation, parties now move to continue the preliminary hearing until March 30,

9 2021, and to exclude time between February 18, 2021, and March 30, 2021, under Local Code T4.

10    3.    While the parties anticipate that the case may resolve without a trial, this is not yet a

11 certainty.  If defendant ultimately does not enter a guilty plea and decides to proceed to trial, the parties

12 agree and stipulate, and request that the Court find the following:

13         a)    The government asserts the discovery associated with this case includes reports,

14    photographs, and numerous video/audio recordings; initial discovery is currently being

15    processed.

16         b)    Counsel for the defendant desires additional time to consult with his client, to

17    review the current charges, to conduct investigation and research related to the charges, to review

18    and/or copy discovery for this matter, to discuss potential resolutions with his client, to prepare

19    pretrial motions, and to otherwise prepare for trial.

20         c)    Counsel for defendant believes that failure to grant the above-requested

21    continuance would deny him the reasonable time necessary for effective preparation, taking into

22    account the exercise of due diligence.

23         d)    The government does not object to the continuance.

24         e)    Based on the above-stated findings, the ends of justice served by continuing the

25    case as requested outweigh the interest of the public and the defendants in a trial within the

26    original date prescribed by the Speedy Trial Act.

27

28
---
[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 18, 2021, to March 30, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4], because it results from a continuance granted by the Court at defendant's and government's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  February 17, 2021
McGREGOR W. SCOTT
United States Attorney

/s/ JESSICA A. MASSEY
JESSICA A. MASSEY
Assistant United States Attorney

Dated:  February 17, 2021
/s/ JEROME KAPLAN
JEROME KAPLAN
Counsel for Defendant
LUIS NOE HERNANDEZ
ROJO

**ORDER**

IT IS SO ORDERED.

Dated:   **February 18, 2021**

_____
UNITED STATES MAGISTRATE JUDGE

4