PHILLIP A. TALBERT
United States Attorney
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>LUIS NOE HERNANDEZ ROJO,<br><br>       Defendant. | CASE NO. 1:21-CR-00027-JLT-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: March 30, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

  This case is set for status conference on March 30, 2022. The parties apologize to the Court for missing the Court's deadline regarding filing of a stipulation to continue this matter. Government counsel has been out sick and the parties were unable to connect regarding preparation of a stipulation until after the Court's 12:00pm filing deadline on today's date.

  On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters. Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will

1   impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and other
2   General Orders were entered to address public health concerns related to COVID-19 (for example,
3   General Order 614—recently extended by General Order 640).

4       Although the General Orders address the district-wide health concern, the Supreme Court has
5   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
6   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
7   *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no
8   exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at
9   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
10  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
11  or in writing").

12      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
13  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-
14  justice continuances are excludable only if "the judge granted such continuance on the basis of his
15  findings that the ends of justice served by taking such action outweigh the best interest of the public and
16  the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable
17  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that
18  the ends of justice served by the granting of such continuance outweigh the best interests of the public
19  and the defendant in a speedy trial." *Id.*

20      The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code
21  T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
22  natural disasters, or other emergencies, this Court has discretion to order a continuance in such
23  circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
24  following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court
25  recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see
26  also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time
27  following the September 11, 2001 terrorist attacks and the resultant public emergency).

28      The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status conference on March 30, 2022.

2. By this stipulation, defendant now moves to continue the status conference until June 1, 2022, and to exclude time between March 30, 2022, and June 1, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes reports, photographs, and recordings. The government has provided discovery and is aware of its ongoing discovery obligations.

   b) Counsel for defendant desires additional time to consult with his client, review the current charges, conduct investigation, review/copy discovery, discuss potential resolutions with

his client, prepare pretrial motions, and/or to otherwise prepare for trial.

      c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d)      The government does not object to the continuance.

      e)      The defendant is not currently in custody and has not yet invoked his speedy trial rights.

      f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 30, 2022 to June 1, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 17, 2022                          PHILLIP A. TALBERT
                                                  United States Attorney

                                                  /s/ JESSICA A. MASSEY
                                                  JESSICA A. MASSEY
                                                  Assistant United States Attorney

Dated:  March 17, 2022                     /s/ JOSEPH BENINCASA
                                            JOSEPH BENINCASA
                                            Counsel for Defendant
                                            LUIS NOE HERNANDEZ
                                            ROJO

**ORDER**

IT IS SO ORDERED.


DATED:   3/21/2022                         *Sheila K. Oberto*
                                            Hon. Sheila K. Oberto
                                            U.S. Magistrate Judge

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5