HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
LUIS NOE HERNANDEZ ROJO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS NOE HERNANDEZ ROJO,<br><br>Defendant. | Case No. 1:21-cr-00027 JLT-SKO-1<br><br>**STIPULATED MOTION AND [lodged] ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge:  Hon. Jennifer L. Thurston |

Defendant, LUIS NOE HERNANDEZ ROJO, by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1.  Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable;

2.  The United States Sentencing Commission recently amended the Sentencing Guidelines to include what now appears in USSG § 4C1.1 ("zero-point provision"). *See* Amendment 821, Part B, Subpart 1.  The zero-point provision provides a 2-offense-level

reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a). The United States Sentencing Commission made the zero-point provision retroactive beginning February 1, 2024. *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. On July 17, 2023, this Court sentenced Mr. Hernandez Rojo to a term of 51 months;

4. Mr. Hernandez Rojo's total offense level was 24, his criminal history category was I (based on him having zero criminal history points), and the resulting guideline range was 51 to 63 months;

5. The sentencing range applicable to Mr. Hernandez Rojo was subsequently lowered by the zero-point provision;

6. Mr. Hernandez Rojo is eligible for a reduction in sentence, which reduces his total offense level by 2 from 24 to 22, and his amended advisory guideline range is reduced to 41 to 51 months;

7. Because Mr. Hernandez Rojo is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Hernandez Rojo's term of imprisonment to 41 months, effective 10 days from the date of the amended judgment. If the amount of time served as of the effective date of the Court's Order exceeds 41 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.[1]

8. <u>United States' statement regarding its stipulation</u>[2]: Defendant was convicted of Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841. The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"); defendant's sentencing memorandum, ECF No. 97; government's sentencing memorandum, ECF No. 98; Statement of Reasons ("SOR"); Judgment, ECF No. 101; defendant's Bureau of Prisons ("BOP") disciplinary history,

---

[1] This 10-day period is requested by the Bureau of Prisons to perform its statutory duties and release planning.

[2] This statement is provided by the United States and is not part of the parties' stipulation.

and after consultation with the Assistant United States Attorney who represented the United States at sentencing.

In the PSR, the probation officer found the defendant's total offense level to be 29 resulting in an advisory Guidelines range of 87 to 108 months. PSR ¶¶ 51, 93. At sentencing, both parties agreed the defendant qualified for a minor role reduction. ECF No. 98 at 3, 97 at 5. The defendant argued that after applying the minor role reduction, the total offense level should be 24, resulting in an advisory Guidelines range of 51 to 63 months. ECF No. 97 at 5. The defendant recommended that the Court impose a sentence of 12 months and 1 day. ECF No. 97 at 9. The government agreed that the defendant was eligible for a minor role reduction and that the applicable Guidelines range was 51 to 63 months, but argued against any downward variance. *See* ECF No. 98. The government contended a downward variance was not warranted given the nature of the defendant's offense and relevant conduct; his level of involvement in the instant offense where he was more than just a drug courier; and the fact that he had criminal history, involving controlled substances, that was too old to score as well as unsatisfactory conduct during pretrial release. ECF No. 98 at 4–5. At sentencing, the Court applied the reduction for a minor role, found the total offense level to be 24, and imposed a sentence of 51 months' imprisonment, which was at the low end of the applicable Guidelines range. SOR at 1; ECF No. 101 at 2.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK**

BOP records indicate that as of February 14, 2024, the defendant has no reported sustained incidents during his time in BOP custody.  Defendant is currently located at Terminal Island FCI with a projected release date of February 20, 2026.  *See* Bureau of Prisons Inmate Locator available at https://www.bop.gov/inmateloc/ (last visited Feb. 14, 2024).

Respectfully submitted,

Dated:  February 20, 2024

PHILLIP A. TALBERT
United States Attorney

*/s/ Shelley D. Weger*
SHELLEY D. WEGER
Assistant U.S. Attorney
Attorney for Plaintiff
UNITED STATES OF AMERICA

Dated:   February 20, 2024

HEATHER E. WILLIAMS
Federal Defender

*/s/ Peggy Sasso*
PEGGY SASSO
Assistant Federal Defender
Attorneys for Defendant
LUIS NOE HERNANDEZ ROJO

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Hernandez Rojo is entitled to the benefit of Amendment 821, Part B, Subpart 1, the new zero-point provision, which reduces the total offense level from 24 to 22, resulting in an amended guideline range of 41 to 51 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b), the term of imprisonment imposed in 2023 is reduced to a term of 41 months, effective 10 days from the date of the amended judgment.  If the amount of time served as of the effective date of the Court's Order exceeds 41 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.

IT IS FURTHER ORDERED that all the terms and provisions of the original judgment remain in effect.  The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Hernandez Rojo shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:   **February 29, 2024**

UNITED STATES DISTRICT JUDGE